**Dung Van NGUYEN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 98–71489, A71–782–202.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2000 *.

Decided Feb. 22, 2001.

---

1.  The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2.  Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before RYMER and KLEINFELD, Circuit Judges, and DAMRELL,** District Judge.

** The Honorable Frank C. Damrell, Jr., United States District Judge for the Eastern District of California, sitting by designation.

MEMORANDUM ***

Dung Van Nguyen ("Nguyen"), a native and citizen of Laos and a citizen of Vietnam, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's denial of his requests for asylum and withholding of deportation. Nguyen contends the BIA erred in determining that he failed to establish past persecution or a well-founded fear of future persecution based upon (1) his anti-Communist beliefs, (2) a three-year period of part-time forced labor for the Laotian government; (3) his Vietnamese heritage; or (4) his father's known anti-government views. Nguyen further asks this court to consider a claim he raises for the first time on appeal, pursuant to Article 3 of the United Nations Convention Against Torture and Other Cruel, Inhumane and Degrading Treatment or Punishment (hereinafter "Convention Against Torture").

■ Substantial evidence supports the BIA's determination that Nguyen failed to establish past persecution. Although Nguyen testified that from late 1978 to 1982, he was forced to perform hard labor one or two days per week for the Laotian government, he never claimed that this forced labor was a component of a reeducation camp. Nor did Nguyen demonstrate a connection between his father's imprisonment and confinement to a reeducation camp, and Nguyen's own period of forced labor.

■ Next, although the immigration judge's credibility finding compels a determination that Nguyen possesses a subjective fear of future persecution, substantial

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

evidence supports the BIA's conclusion that Nguyen's fear has an insufficient basis in reality to be considered objective or well-founded. Nguyen admitted that he was not active in any political organizations, and did not express his political beliefs in any public forum. Nguyen thus failed to present evidence that the Laotian government is or was aware of his political beliefs. Moreover, although Nguyen claims that his Vietnamese heritage subjects him to discrimination by Laotian nationals, he acknowledges that he managed to "live a normal life" while working as a tailor for an eight-year period from 1982 to 1990, when he came to the United States. Nguyen presents no basis for concluding that he will be persecuted upon his return to Laos, more than 18 years after the last complained-of instance of alleged persecution. Finally, it bears mention that Nguyen's parents, and several siblings, currently live and work in Laos, free of persecution.

Finally, Nguyen's failure to satisfy the less demanding asylum standard necessarily results in a failure to demonstrate eligibility for withholding of deportation as well.

For the first time on appeal, Nguyen argues that his deportation to Laos would violate Article 3 of the United Nations Convention Against Torture, adopted and opened for signature Dec. 10, 1984, G.A. res. $^{39}/_{46}$, annex, 39 U.N. G.A.O.R. Supp. (No. 51) at 197, U.N. Doc. A/39/51 (1984) (entered into force June 26, 1987; for the United States April 18, 1988).

■ Because Nguyen's final order of deportation became final prior to March 22, 1999, his claim under the Convention Against Torture is not properly before this court, and may be heard only through a motion to reopen the proceedings before the BIA. *See* 8 C.F.R. § 208.18(b)(2). The mandate is hereby stayed for ninety days

from the date this memorandum is filed, to allow petitioner the opportunity to file a motion to reopen with the BIA. *See Khourassany v. INS*, 208 F.3d 1096, 1101 (9th Cir.2000).

PETITION DENIED.